UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVON BATISTA, | ) | CIVIL ACTION NO. 1:23-CV-2028 |
| Plaintiff | ) | |
| | ) | (MUNLEY, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| JEREMY WILLIAMS, *et al*., | ) | |
| Defendants | ) | |
| | ) | |

## REPORT AND RECOMMENDATIONS

## I.    INTRODUCTION

*Pro se* Plaintiff Devon Batista brings this civil rights action for injuries and damages resulting from a state court criminal matter. In his Second Amended Complaint, Plaintiff brings 42 U.S.C. § 1983 claims for violations of his First, Sixth, Eighth and Fourteenth Amendment rights, as well as state law claims for breach of fiduciary duty, malpractice and breach of contract. (Doc. 24). Upon screening review, the Court concludes Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, for the reasons explained in this Report, we will recommend Plaintiff's Second Amended Complaint be DISMISSED.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff lodged his Complaint on December 7, 2023. (Doc. 1). On December 18, 2023, the Court granted Plaintiff leave to proceed *in forma pauperis* and screened Plaintiff's Complaint, finding that the Court lacked subject matter jurisdiction. (Doc.

7). Plaintiff was given leave to file an amended complaint and did so on March 20, 2024. (Doc. 18). On May 3, 2024, the Court screened Plaintiff's First Amended Complaint and found that it failed to state a claim upon which relief could be granted. (Doc. 20). After detailing the deficiencies of his First Amendment Complaint, the Court granted Plaintiff leave to amend for a second time. *Id*.

On August 16, 2024, Plaintiff filed a Second Amended Complaint, the current operative pleading, against the same Defendants named in the First Amended Complaint. (Doc. 24). In his Second Amended Complaint, Plaintiff names as Defendants:

(1)    Jeremy Williams (Plaintiff's former defense attorney);

(2)    Lewis Reagan (an Assistant District Attorney for York County);

(3)    The Commonwealth of Pennsylvania ("the Commonwealth");

(4)    York County; and

(5)    Judge Kathleen Prendergast.

(Doc. 24, pp. 1-3).

Plaintiff alleges that on April 12, 2022, he had a pre-trial hearing where he was "going to take a plea-deal." (Doc. 24, p. 4). Plaintiff's then defense counsel Defendant Williams advised Plaintiff of a deal of three to six years with bootcamp, "SDTP Program" and no time credits. *Id*. Plaintiff told Defendant Williams he would only accept that deal if his time counted. *Id*. Plaintiff alleges Defendant Williams

informed him that "the Judge Defendant Kathleen Prendergast legally had to count his time." *Id*. Plaintiff then signed the agreement and was taken to the State Correctional Institution at Camp Hill. *Id*.

On June 20, 2022, Plaintiff had a sentence modification hearing, however he was not present for the hearing, either in person or via Zoom. (Doc. 24, p. 4). Plaintiff alleges that Defendant Williams waived his right to be present without consulting him, advising him of the hearing, and without Plaintiff's consent. *Id*. Plaintiff alleges that at this hearing Defendant Williams "failed to object to the courts that they lacked authority jurisdiction to hold the modification hearing due to not timely filing a motion to challenge [Plaintiff's] sentence." *Id*. Plaintiff alleges that Defendant Williams also "did not object to Defendant Lewis Reagan about the time credit 'allowed by law' as part of [Plaintiff's] plea-agreement." *Id*.

On September 16, 2022, a forfeiture hearing was held concerning Plaintiff's property in relation to two criminal cases against Plaintiff.[1] (Doc. 24, p. 5). Plaintiff alleges that in case "CR-1538-2021," which was closed, the property included "$891.00/iPhone 12 pro max," and in case "CR-929-2021," which was nolle

---

[1] *Comm. v. Batista*, No. CP-67-CR-0001538-2021 (C.C.P. York Cnty.) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-67-CR-0001538-2021&dnh=11XKk2f%2FkjzsCIUELz454A%3D%3D (last accessed Oct. 3, 2024). The Court is unable to find a docket for the case with docket number CP-67-CR-929-2021. (Doc. 24, p. 5).

prossed, the property included "$526.77/iPhone 12 pro max." *Id*. Despite informing Defendant Williams of his desire to be present for the hearing, Defendant Williams did not ensure Plaintiff's presence and again waived Plaintiff's presence. *Id*. Plaintiff had also informed Defendant Williams that any property recovered was to be returned to Plaintiff's "power of attorney," his mother. *Id*. After the hearing, Defendant Williams contacted Plaintiff's mother, and advised her "for case CP-67-CR-929-2021, he had retrieved the property to be returned to himself, again without [Plaintiff's] consent. *Id*.

Plaintiff has attempted numerous times to contact Defendant Williams regarding "the above mentioned matters," but has received no response. (Doc. 24, p. 5). Plaintiff alleges this has resulted in him "having to withdraw counsel to find new counsel & or help," and "having to pay him & paralegals for assistance." *Id*.

On February 21, 2023, Plaintiff was appointed new defense counsel by the state court "due to Defendant Williams negligence of non-responsive efforts." (Doc. 24, p. 6).

On December 5, 2024, a Post-Conviction Relief Act ("PCRA") hearing was held for Plaintiff, apparently relating to the "matters mentioned above." (Doc. 24, p. 6). Plaintiff alleges that at the end of the hearing Judge Prendergast stated, "I find your ex-counsel Mr. Williams more credible & you should be lucky with the plea you received. If you appeal my decision & make me re-sentence you, you will not

get another plea deal, but I will list you for trial & you will be facing 30 years. Is that understood?" *Id.* (internal quotation marks omitted).

Plaintiff brings seven legal claims:

(1)    Eighth Amendment claim for cruel & unusual punishment against all Defendants[;]

(2)    Sixth Amendment claim for ineffective assistance of counsel against Defendant Jeremy Williams[;]

(3)    Fourteenth Amendment claim for violation of due process/deprivation of property against Defendants: Williams/Prendergast[;]

(4)    First Amendment claim for future retaliation against Defendant Prendergast[;]

(5)    Breach of fiduciary duty[;]

(6)    Malpractice claim[; and]

(7)    Breach of contract[.]

(Doc. 24, pp. 7-8). Plaintiff alleges as injuries "emotional distress, mental suffering." (Doc. 24, p. 7).

As relief, Plaintiff requests:

(1)    [T]he courts to order Defendants to return the aforementioned property for CP-67-CR-929-2021/CP-67-CR-1538-2021 (money & phones);

(2)    . . . money in the amount of $16,000, due to Defendant Williams termination. Money that was paid to Mr. Williams from Plaintiff[;]

(3)    . . . money on behalf of paralegal fees & certified mail/the cost

of motions sent through mail & etc. In the amount of $500[;]

(4)     . . . money for emotional distress, mental suffering as court deems fit[;]

(5)     . . . punitive damages against each & every Defendant, jointly, individually & severally in the amount of $100,000[;]

(6)      . . . actual damages against each & every Defendant, jointly, individually & severally in the amount of $100,000[;]

(7)     . . . direct damages against each & every Defendant, jointly, individually & severally in the amount of $100,000[;]

(8)     . . . general damages against each & every Defendant, jointly, individually & severally in the amount of $100,000[;]

(9)     . . . special damages against each & every Defendant, jointly, individually & severally in the amount of $100,000[;]

(10)   . . . treble damages against each & every Defendant, jointly, individually & severally in the amount of $100,000[;]

(11)   . . . extra damages against each & every Defendant, jointly, individually & severally in the amount of $100,000[;]

(12)   And any additional relief this Honorable Court deems just, proper & equitable.

(Doc. 24, pp. 7, 9-10).

To his Second Amended Complaint Plaintiff attaches a transcript of the June 20, 2022 sentence modification hearing (Doc. 24-1, pp. 1-3); a document outlining the estate administration of an individual not discussed in Plaintiff's Second Amended Complaint (Doc. 24, p. 4); a completed and an uncompleted copy of Plaintiff's plea documentation (Doc. 24-2); two unreadable forms (Doc. 24-3); a

copy of Plaintiff's DC16E Sentence Status Summary (Doc. 24-4); copies of three letters, two addressed to Defendant Williams and one addressed to Gregory H. Gettle (Doc. 24-5); a copy of a letter Plaintiff wrote to an unknown recipient (Doc. 24-6); a copy of a letter from Defendant Williams to Plaintiff (Doc. 24-7); a copy of two motions to set forfeiture hearing filed by the Commonwealth in the Court of Common Pleas of York County (Doc. 24-8); and copies of certified mail receipts (Doc. 24-9).

With this background in mind we will now turn to the legal standards we must apply.

## III.   LEGAL STANDARDS

### A.   STATUTORY SCREENING OBLIGATION UNDER 28 U.S.C. § 1915(E)

This Court has a statutory obligation to conduct a preliminary review of complaints brought by a plaintiff who has requested leave to proceed *in forma pauperis* and must dismiss a case *sua sponte* if: (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit.[2]

When conducting this screening analysis, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of

---

[2] 28 U.S.C. § 1915(e)(2).

Civil Procedure.[3] At this early stage of the litigation, the district court must: "accept the facts alleged in [a plaintiff's] complaint as true," "draw[ ] all reasonable inferences in [their] favor," and "ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim."[4] A court need not "credit a complaint's 'bald assertions' or 'legal conclusions,'"[5] and does not need to assume that a plaintiff can prove facts not alleged.[6]

Furthermore, a *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief.[7] To state a claim, a plaintiff must plead "enough facts to raise a

---

[3] *See e.g.*, *Endrikat v. Ransom*, No. 1:21-CV-1684, 2022 WL 4111861, at *2 (M.D. Pa. Sept. 8, 2022) ("In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

[4] *Shorter v. United States*, 12 F. 4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[5] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted).

[6] *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[7] *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

reasonable expectation that discovery will reveal evidence of the necessary element[s]."[8]

In considering a motion to dismiss and in screening complaints under 28 U.S.C. § 1915(e), the court generally relies on the complaint, attached exhibits, and matters of public record.[9]

### B. FEDERAL RULE OF CIVIL PROCEDURE 8: PLEADING REQUIREMENTS

While a *pro se* plaintiff is entitled to a liberal construction of their pleading, they are not "excused from complying with the rules of procedural and substantive law."[10] Federal Rule of Civil Procedure 8(a) commands "a pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(d)(1) further requires "each allegation must be simple, concise, and direct." Under this rule, a well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

---

[8] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal quotation marks omitted)).

[9] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[10] *Hayden v. Allegheny Health Network*, No. 2:21-CV-525, 2022 WL 783430, at *5 (W.D. Pa. Mar. 15, 2022); *see McNeil v. U.S.*, 508 U.S. 106, 113 (1980).

In essence, Rule 8 requires a complaint "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[11] The complaint should allow a defendant to "meaningfully answer or plead to it . . . ."[12] Dismissal under Rule 8 is appropriate when a complaint leaves "the defendants having to guess what of the many things discussed constituted [a cause of action];"[13] or when the complaint is so "rambling and unclear" as to defy response.[14] Similarly, dismissal is appropriate in "'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'"[15]

## C.    42 U.S.C. § 1983 CLAIMS FOR CIVIL RIGHTS VIOLATIONS

### i.    *In General*

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."[16] "It is well settled that § 1983 does not confer any substantive rights, but merely 'provides a

---

[11] *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (internal quotation marks omitted)).

[12] *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011).

[13] *Id*. at 160.

[14] *Tillio v. Spiess*, 441 F. App'x 109 (3d Cir. 2011).

[15] *Id*. at 110 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012).

[16] *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005) (citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)).

method for vindicating federal rights elsewhere conferred.'"[17] To establish a claim under § 1983, a plaintiff must establish two things: (1) a deprivation of a federally protected right; and (2) that the deprivation was committed by a person or persons acting under color of state law.[18] Certain claims under § 1983 have their own unique elements in addition to requiring a state actor acting under color of state law.

Further, if a civil rights complaint is subject to dismissal for failure to state a claim, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile."[19]

### ii.    Individual and Official Capacity 42 U.S.C. § 1983 Claims

"Claims under Section 1983 can take two forms: an 'individual capacity' lawsuit, which are those brought against a government official to hold him or her personally liable, and an 'official capacity' action, which seeks to hold the official's government entity liable for actions taken by the official."[20] Liability under § 1983 is personal in nature, therefore a plaintiff must allege facts that demonstrate "the

---

[17] *Williams v. Pennsylvania Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) (quoting *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 104 (3d Cir. 2014)).

[18] *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005) (quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

[19] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *Lisowski v. Walmart Stores, Inc.*, No. 21-2501, 2022 WL 2763698, at *4 n.4 (3d Cir. July 15, 2022).

[20] *Roberts v. Pennsylvania*, No. 22-4829, 2023 WL 6278874, at *3 (E.D. Pa. Sept. 26, 2023) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)).

defendants' personal involvement in the alleged misconduct."[21] It is not enough to state "a mere hypothesis that an individual defendant had personal knowledge of or involvement in depriving the plaintiff of his rights."[22] Personal involvement can include direct wrongful conduct by a defendant, allegations of personal direction, or actual knowledge and acquiescence of the alleged violation of a federal right.[23] Additionally, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."[24]

### iii.   Monell Claims Against a Government Agency

If a plaintiff wishes to recover under § 1983 from a municipality they must:

(1)    identify a policy or custom that deprived [them] of a federally protected right;

(2)    demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation; and

(3)    establish a direct causal link between the policy or custom and the

---

[21] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020); *Murray v. Wetzel*, No. 1:17-CV-1637, 2021 WL 5500511, at *5 (M.D. Pa. Nov. 23, 2021) ("Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of personal direction or actual knowledge and acquiescence." (internal quotations omitted)).

[22] *Gannaway v. PrimeCare Med., Inc.*, 150 F. Supp. 3d 511, 526 (E.D. Pa. 2015) (citing *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986), *aff'd sub nom*, *Gannaway v. PrimeCare Med., Inc.*, 652 F. App'x 91 (3d Cir. 2016)).

[23] *Murray*, 2021 WL 5500511, at *5.

[24] *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Graham*, 473 at 165 (quoting *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 n.55 (1978)) (internal quotation marks omitted)).

plaintiff's injury.[25]

A municipality "can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom."[26] A policy "is a statement, ordinance, regulation, or decision officially adopted and promulgated by a government body's officers."[27] A custom need not be formally adopted by the municipality but may impose liability where "the relevant practice is so widespread as to have the force of law."[28] A plaintiff is also able to bring a municipal liability *Monell* claim "under certain circumstances" where constitutional violations result from a municipality's failure to train municipal employees.[29] Further, "without an underlying constitutional violation, there can be no *Monell* claim."[30]

---

[25] *Blasi v. Borough of Pen Argyl*, No. 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 23, 2015) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997)).

[26] *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. 658).

[27] *Id*. (citing *Monell*, 436 U.S. at 690).

[28] *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla.*, 520 U.S. at 404 (citing *Monell*, 436 U.S. at 690-91).

[29] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

[30] *Knellinger v. York St. Prop. Dev., LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014) (citing *Customers Bank v. Municipality of Norristown*, 942 F.Supp.2d 534, 546 (E.D. Pa. 2013)).

### D.    STANDARD FOR DISMISSAL WITH PREJUDICE

The United States Supreme Court has observed that dismissal with prejudice is a "harsh remedy."[31] "Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile."[32]

## IV.    DISCUSSION

We now turn to our screening analysis of Plaintiff's Second Amended Complaint. We will address Plaintiff's various § 1983 claims by each Defendant individually and then address his state claims.

### A.    DEFENDANT WILLIAMS

Plaintiff asserts § 1983 claims against Defendant Williams for violation of his Eighth Amendment right to be free of cruel and unusual punishment, his Sixth Amendment right to effective assistance of counsel, and his Fourteenth Amendment rights to "due process/deprivation of property." (Doc. 24, p. 7). Regarding defense attorneys, the Third Circuit has stated that "it is well established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law."[33] Therefore, Plaintiff does not and cannot state any § 1983 claims against Defendant Williams.

---

[31] *New York v. Hill*, 528 U.S. 110, 118 (2000).

[32] *Bankwell Bank v. Bray Entm't, Inc.*, No. 20-49 (SRC), 2021 U.S. Dist. LEXIS 11080, at *7 (D.N.J. Jan. 21, 2021).

[33] *Deangelo v. Brady*, 185 F. App'x 173, 175 (3d Cir. 2006).

Accordingly, we will recommend Plaintiff's claims against Defendant Williams pursuant to 42 U.S.C. § 1983 for the violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, Sixth Amendment right to effective assistance of counsel, and Fourteenth Amendment due process rights be dismissed with prejudice. Amendment would be futile because Defendant Williams does not act under color of state law.

### B.    THE COMMONWEALTH

Plaintiff brings a § 1983 claim against the Commonwealth for the violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 24, p. 7). The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.[34]

By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state. "The Supreme Court

---

[34] U.S. Const. amend. XI.

extended the Eleventh Amendment's reach to suits by *in-state* plaintiffs, thus barring all private suits against non-consenting States in federal courts."[35]

The Eleventh Amendment "imposes a jurisdictional bar against individuals *bringing suit* against a state or its agencies in federal court, or against a state official in his or her official capacity."[36] "[U]nless Congress has 'specifically abrogated' the states' sovereign immunity or a state has unequivocally consented to suit in federal court, we lack jurisdiction to grant relief in such cases."[37]

Eleventh Amendment protection, however, is not absolute. There are three primary exceptions: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law."[38]

Here, the Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity by consenting to suit in federal court.[39] Nor has Congress

---

[35] *Lombardo v. Pennsylvania Dept. of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008).

[36] *Durham v. Kelley*, 82 F.4th 217, 227 (3d Cir. 2023) (emphasis added and footnotes omitted).

[37] *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Hum. Servs.*, 730 F.3d 291, 318 (3d Cir. 2013).

[38] *Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310 (3d Cir. 2002).

[39] 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States); 1 Pa. C.S. § 2310 ("the Commonwealth . . . shall continue to enjoy sovereign immunity and remain immune from suit. . . ."); *see also Slavish v. City of Wilkes-Barre*, No.

abrogated States' immunity under 42 U.S.C. § 1983.[40] The third exception is obviously not relevant as Plaintiff is suing the Commonwealth itself. Accordingly, the Eleventh Amendment confers immunity from this suit in federal court on the Commonwealth.[41] Therefore, we will recommend Plaintiff's claim against the Commonwealth pursuant to 42 U.S.C.§ 1983 for the violation of his Eighth Amendment right to be free from cruel and unusual punishment be dismissed without prejudice and without leave to amend.[42] Amendment would be futile because the Commonwealth is immune to this suit in federal court.

## C.   DEFENDANT REAGAN

Plaintiff does not indicate whether he brings his claims against Defendant Reagan in his official or individual capacity. Given Plaintiff's *pro se* status and our requirement to liberally construe his pleadings, we will construe Plaintiff's Second

---

3:17-CV-1468, 2018 WL 5289500 at *9-10 (M.D. Pa. June 14, 2018) ("Although the Commonwealth has expressly waived its sovereign immunity from suit in state court in nine specific areas, it has not waived its immunity from being sued in federal court for any reason.").

[40] *Phillips v. James*, No. 13-1196, 2014 WL 1652914, at *8 (W.D. Pa. Apr. 23, 2014) ("Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages . . . .").

[41] 42 Pa. C.S. § 8521(b); *Slavish*, 2018 WL 5289500 at *9-10; *Phillips v. James*, 2014 WL 1652914, at *8.

[42] "Eleventh Amendment immunity is a 'threshold, nonmerits issue' that 'does not entail any assumption by the court of substantive law-declaring power,' *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 433 (2007) (internal quotation marks omitted), and a dismissal on that basis, like dismissals for lack of jurisdiction, should normally be without prejudice." *Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023).

Amended Complaint as asserting his claims against Defendant Reagan in both capacities. Against Defendant Reagan, Plaintiff brings an Eighth Amendment cruel and unusual punishment claim pursuant to 42 U.S.C. § 1983. (Doc. 24, p. 7).

As to district attorneys, in Pennsylvania "county prosecutors can have a 'dual or hybrid status,'" and "may be State officials when they prosecute crimes or otherwise carry out policies established by the State, but serve as local policy makers when they manage or administer their own offices."[43] County prosecutors are considered state officials when they prosecute crimes or carry out policies established by the state and are thus considered state officials.[44] Additionally, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process.'"[45]

Plaintiff's factual allegations as to Defendant Reagan are exceedingly vague and do not provide the Court with adequate information to determine whether Defendant Reagan was a state or county official when allegedly violating Plaintiff's rights or whether he would be entitled to prosecutorial immunity. The statement of facts section of Plaintiff's Second Amended Complaint mentions Defendant Reagan

---

[43] *Carter v. City of Phila.*, 181 F.3d 339, 352-53 (3d Cir. 1999) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996)).

[44] *Carter v. City of Phila.*, 181 F.3d at 352.

[45] *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted).

once. (Doc. 24, p. 4). Plaintiff alleges that at a June 20, 2022, modification of sentence hearing, which he was not present at either in person or via Zoom, "Defendant Williams did not object to Defendant Lewis Reagan about the time credit 'allowed by law' as part of [Plaintiff's] plea-agreement." *Id*. Plaintiff's allegation effectively reveals nothing about Defendant Reagan's actions during this modification of sentence hearing, other than that he apparently said something regarding the time credit that Plaintiff, who was not present at the hearing, found objectionable.

Additionally, Plaintiff attaches a copy of the state court transcript from the June 20, 2022, sentence modification hearing to his Second Amended Complaint. (Doc. 24-1). Review of that transcript reveals that Virginia A. Hobbs, Esq., was the Assistant District Attorney representing the Commonwealth at the June 20, 2022, sentence modification hearing. *Id*. That transcript makes no mention of Defendant Reagan or indicate that he was present at the hearing. *Id*.

Again, to state a claim, a plaintiff must plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]."[46] As to his Eighth Amendment cruel and unusual punishment claim under § 1983 against Defendant Reagan, Plaintiff has failed to do so. Given that the

---

[46] *Phillips v. Cnty. of Allegheny*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 562) (internal quotation marks omitted).

transcript of the hearing negates Plaintiff's vague allegation about Defendant Reagan's actions at the sentence modification hearing, there are effectively no allegations concerning Defendant Reagan in Plaintiff's Second Amended Complaint. Plaintiff's Second Amended Complaint would not allow Defendant Reagan to make a meaningful response.[47] Plaintiff therefore fails to state an Eighth Amendment cruel and unusual punishment claim against Defendant Reagan. Accordingly, we will recommend Plaintiff's claim against Defendant Reagan pursuant to 42 U.S.C.§ 1983 for the violation of his Eighth Amendment right to be free from cruel and unusual punishment be dismissed with prejudice. Amendment would be futile as Plaintiff has already had an opportunity to amend this claim against Defendant Reagan and has failed to adequately do so despite explanation of the deficiencies of his claim by the Court in our second Screening Order, giving us no reason to believe an additional opportunity to amend would be profitable.

### D.    JUDGE PRENDERGAST

Plaintiff does not indicate whether he brings his claims against Judge Prendergast in her official or individual capacity. Given Plaintiff's *pro se* status and our requirement to liberally construe his pleadings, we will construe Plaintiff's Second Amended Complaint as asserting his claims against Judge Prendergast in both capacities. Against Judge Prendergast Plaintiff brings an Eighth Amendment

---

[47] *Binsack*, 438 F. App'x at 160.

cruel and unusual punishment claim, a Fourteenth Amendment due process claim, and a "First Amendment claim for future retaliation" pursuant to 42 U.S.C. § 1983. (Doc. 24, p. 7).

### i. *Official Capacity Claims*

"Pursuant to Pennsylvania law, Pennsylvania state courts and their judges are part of the Commonwealth government."[48] This means that Judge Prendergast is a state official, and a lawsuit "against state officials in their official capacity [] should be treated as [a] suit[] against the State."[49] As discussed above in Section IV(B), the Eleventh Amendment confers immunity from this suit in federal court on the Commonwealth. Therefore, we will recommend Plaintiff's claims against Judge Prendergast in her official capacity pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment right to be free from cruel and unusual punishment, Fourteenth Amendment due process rights, and First Amendment rights be dismissed without prejudice and without leave to amend.[50] Amendment would be futile as the Commonwealth is immune from this suit in federal court.

---

[48] *Devenshire*, 2016 WL 4032881, at *2 (citing 42 PA. CONS. STAT. 102 (2013)).

[49] *Hafer*, 502 U.S. at 25.

[50] *See supra*, note 43. Further, Plaintiff's claim against Judge Prendergast in her official capacity pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment right to be free from cruel and unusual punishment is duplicative of the Eighth Amendment claim Plaintiff states against the Commonwealth, a named Defendant in this case.

## ii.    Individual Capacity Claims

"Judicial officers are immune from damage suits arising out of their official duties."[51] "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."[52] "Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, though judicial in nature, were taken in the complete absence of all jurisdiction."[53] "An act is taken in a judge's judicial capacity if it is a function normally performed by a judge."[54] "Moreover, "[g]enerally . . . where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes."[55]

"Further, [a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."[56] Nor is judicial immunity "forfeited even if a judge committed grave procedural errors,

---

[51] *Bender-Mathis v. City of Erie*, No. 1:23-CV-208, 2024 WL 3744153, at *3 (W.D. Pa. Aug. 9, 2024) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)).

[52] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[53] *Bender-Mathis*, 2024 WL 3744153, at *3 (quoting *Mireles*, 503 U.S. at 11-12) (internal quotation marks omitted).

[54] *Davis*, 2024 WL 4026728, at *3 (quoting *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)) (internal quotation marks omitted).

[55] *Lombardo v. Evans*, No. 24-CV-1999, 2024 WL 3927233, at *5 (E.D. Pa. Aug. 22, 2024) (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000)) (internal quotation marks omitted).

[56] *Talker v. Monmouth Cnty., NJ*, No. 3:12-CV-02019, 2012 WL 2951857, at *4 (D.N.J. July 17, 2012) (quoting *Stump*, 435 U.S. at 356-57.

conducted a proceeding in an informal and ex parte manner, or performed an action that was unfair or controversial,"[57] or "even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, or are taken as a result of a conspiracy with others."[58]

In this case, the only actions Plaintiff alleges Judge Prendergast took occurred while she was presiding over Plaintiff's PCRA hearing. Plaintiff alleges at the end of that hearing Judge Prendergast said, "'I find your ex-counsel Mr. Williams more credible & you should be lucky with the plea you received.' 'If you appeal my decision & make me re-sentence you, you will not get another plea deal, but I will list you for trial & you will be facing 30 years. Is that understood?'" (Doc. 24, p. 6). Plaintiff's allegations focus solely on Judge Prendergast's rulings and conduct in Plaintiff's criminal case proceeding before her. Judge Prendergast plainly had jurisdiction over Plaintiff's criminal case, and Plaintiff does not allege that she did not.[59] Even to the extent Judge Prendergast's ruling and admonishment of Plaintiff of the potential consequences of appealing that ruling were done in bad faith or maliciously, she is still entitled to judicial immunity.[60] Plaintiff's allegations are based on acts Judge Prendergast "took in [her] judicial capacity while presiding over

---

[57] *Bender-Mathis*, 2024 WL 3744153, at *3 (quoting *Gallas*, 211 F.3d at 769) (internal quotation marks omitted).

[58] *Lombardo*, 2024 WL 3927233, at *5 (internal citations omitted).

[59] *See* 42 Pa. C.S. § 931(a).

[60] *Lombardo*, 2024 WL 3927233, at *5

a matter over which [she] had jurisdiction" and so she is entitled to judicial immunity.[61] Accordingly, we will recommend Plaintiff's claims against Judge Prendergast in her individual capacity pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment right to be free from cruel and unusual punishment, Fourteenth Amendment due process rights, and First Amendment rights be dismissed with prejudice. Amendment would be futile because Judge Prendergast is entitled to judicial immunity for the acts Plaintiff complains of.

### E.    YORK COUNTY

Plaintiff brings a § 1983 claim against York County for the violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 24, p. 7). As explained above in the legal standards section, a municipality "can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom."[62] Plaintiff has not alleged that the deprivation of his Eighth Amendment right to be free from cruel and unusual punishment was the result of the implementation or execution of a policy or custom, or provided facts that would support a *Monell* claim. In fact, York County is not mentioned in the statement of facts section of Plaintiff's Second Amended Complaint. In our Order screening

---

[61] *Id.*

[62]   *Beck*, 89 F.3d at 971 (citing *Monell*, 436 U.S. 658).

Plaintiff's First Amended Complaint, we explained to Plaintiff that he had not pleaded sufficient allegations to state a *Monell* claim against York County. (Doc. 20, pp. 14-15).[63] Despite this, Plaintiff pleads no allegations about York County in his Second Amended Complaint. Moreover, "without an underlying constitutional violation, there can be no *Monell* claim."[64] In this case, Plaintiff has failed to state a claim for an underlying constitutional violation for a *Monell* claim to be predicated on. Accordingly, we will recommend Plaintiff's claim against York County pursuant to 42 U.S.C.§ 1983 for the violation of his Eighth Amendment right to be free from cruel and unusual punishment be dismissed with prejudice. Amendment would be futile as Plaintiff has already had an opportunity to amend this claim against York County and ignored the Court's findings and explanations of the deficiencies of his claim in our second Screening Order, giving us no reason to believe an additional opportunity to amend would be profitable.

---

[63] In Plaintiff's First Amended Complaint he mentioned York County once in the statement of facts where he concluded that York County violated his due process rights and right to be free from cruel and unusual punishment because it 'allowed' the hearing where Defendant Williams improperly waived Plaintiff's right to be present, and because it took away his time credited towards his sentence. (Doc. 18, ¶ 21). No such allegations appear in Plaintiff's Second Amended Complaint.

[64] *Knellinger v. York St. Prop. Dev., LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014) (citing *Customers Bank v. Municipality of Norristown*, 942 F.Supp.2d 534, 546 (E.D. Pa. 2013)).

F.    STATE CLAIMS

Plaintiff also brings state law claims for (1) breach of fiduciary duty; (2) malpractice; and (3) breach of contract. (Doc. 24, p. 8). Plaintiff does not specify which Defendants he brings these claims against. However, the Court need not hypothesize as we will be recommending dismissal of all of Plaintiff's federal claims. When a district court dismisses all claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over any remaining state law claims.[65] Whether the Court will exercise supplemental jurisdiction is within its discretion.[66] That decision should be based on "the values of judicial economy, convenience, fairness, and comity."[67] Here, given the early stage of this proceeding, there is no affirmative justification for retaining jurisdiction over Plaintiff's state tort claims. Therefore, we will recommend that, in the absence of any plausible federal claim, the Court should decline to exercise jurisdiction over Plaintiff's state law claims, and Plaintiff's claims for breach of fiduciary duty, malpractice, and breach of contract be dismissed without prejudice and without leave to amend.

[The next page contains the Recommendation]

---

[65] 28 U.S.C. § 1367(c)(3).
[66] *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).
[67] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## V.    RECOMMENDATIONS

Accordingly, it is hereby RECOMMENDED that:

(1)    Plaintiff's claims against Defendant Williams pursuant to 42 U.S.C. § 1983 for the violation of his Sixth Amendment right to effective assistance of counsel, Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment due process rights be DISMISSED with prejudice.

(2)    Plaintiff's claim against the Commonwealth pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment right to be free from cruel and unusual punishment be DISMISSED without prejudice and without leave to amend.

(3)    Plaintiff's claim against Defendant Reagan pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment right to be from cruel and unusual punishment be DISMISSED with prejudice.

(4)    Plaintiff's claims against Defendant Prendergast in her individual capacity pursuant to 42 U.S.C. § 1983 for the violation of his First Amendment rights, Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment due process rights be DISMISSED with prejudice.

(5)    Plaintiff's claims against Defendant Prendergast in her official capacity pursuant to 42 U.S.C. § 1983 for the violation of his First Amendment rights, Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment due process rights be DISMISSED without prejudice and without leave to amend.

(6)    Plaintiff's claim against York County pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment right to be from cruel and unusual punishment be DISMISSED with prejudice.

(7)    Plaintiff's state law claims for breach of fiduciary duty, malpractice, and breach of contract be DISMISSED without prejudice to him bringing those claims in state court.

(8)    The Clerk of Court be directed to CLOSE this case.

Date: February 3, 2025                    BY THE COURT

                                          *s/William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVON BATISTA, | ) | CIVIL ACTION NO. 1:23-CV-2028 |
| Plaintiff | ) | |
| | ) | (MUNLEY, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| JEREMY WILLIAMS, *et al.*, | ) | |
| Defendants | ) | |
| | ) | |

## NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: February 3, 2025                    BY THE COURT

                                        *s/William I. Arbuckle*
                                        William I. Arbuckle
                                        U.S. Magistrate Judge