IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVON BATISTA,<br>　　　　Plaintiff<br><br>　v.<br><br>JEREMY WILLIAMS, *et al.*,<br>　　　　Defendants | :　No. 1:23cv2028<br>:<br>:　(Judge Munley)<br>:<br>:　(Magistrate Judge Arbuckle)<br>:<br>:<br>: |

## ORDER

Before the court is the Report and Recommendation ("R&R") of Magistrate Judge William I. Arbuckle wherein he screened Plaintiff Devon Batista's *pro se* second amended complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 28). The magistrate judge recommends that the second amended complaint be dismissed with prejudice after the plaintiff failed to state plausible claims under 42 U.S.C. § 1983 despite additional opportunities to do so. (Id.) No objection to the R&R has been filed and the time for such filing has passed.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the

recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After a careful review, the R&R will be adopted by the court. Magistrate Judge Arbuckle cogently addressed several issues based on the facts pled in plaintiff's second amended complaint and concluded that the plaintiff could not recover on his various Section 1983 claims as a matter of law. (Doc. 28 at pp. 14-25). The court concurs with Magistrate Judge Arbuckle's analysis and his conclusion that amendment of the Section 1983 claims would be futile. Furthermore, the court agrees with the magistrate judge's recommendation that the court decline to exercise jurisdiction over the plaintiff's state law claims after dismissing claims premised upon federal question jurisdiction. (Id. at p. 26).

The court thus finds neither clear error on the face of the record nor a manifest injustice, and therefore, the court shall accept and adopt the R&R. It is hereby **ORDERED** as follows:

1) The R&R (Doc. 28) is **ADOPTED** in full;

2) Plaintiff's Section 1983 claims are **DISMISSED** with prejudice;

3) Plaintiff's state law claims for breach of fiduciary duty, malpractice, and breach of contract are **DISMISSED** without prejudice to the plaintiff bringing those claims in state court; and

4) The Clerk of Court is directed to close this case.

Date: 2/27/25

BY THE COURT:

/s/ Julia K. Munley

JUDGE JULIA K. MUNLEY
United States District Court